(No. 15210.—Decree affirmed.)

THE SOUTHERN ILLINOIS GAS COMPANY, Appellant, *vs.*
W. EARNEST PARSONS *et al.* Appellees.

*Opinion filed April 18, 1923.*

1. LEASES—*what does not excuse delay in beginning mining operations according to terms of lease.* Where a lease for mining oil and gas provides that the lessee shall complete a well on the premises within one year, the existence of a previous lease to another oil and gas company will not excuse the lessee for delay of five months in beginning operations on the premises, where the lessee's own pleading shows that the former lease was not discovered until the expiration of the five months and that it was canceled the following day.

2. SAME—*what does not estop lessors from declaring forfeiture of oil and gas lease.* Where a lease for mining oil and gas provides that the lessee shall complete a well on the premises within one year, the act of two of the lessors in working for the contractor who was engaged to put in the well does not estop the lessors from declaring a forfeiture of the lease for failure to complete the well in the required time, where the lessee was not misled or placed in any worse position by the fact of the employment of said lessors.

3. SAME—*when equity cannot enjoin declaring of forfeiture of lease.* Where the lessee has failed to comply with the condition of a lease for mining oil and gas that a well must be completed in one year, a court of equity will not enjoin the exercise of the right to declare a forfeiture merely upon the allegation in the lessee's bill that further time was necessary because of certain conditions met with in the construction of the well.

APPEAL from the Circuit Court of Pope county; the Hon. A. E. SOMERS, Judge, presiding.

ALSCHULER, PUTNAM & FLANNIGEN, CHARLES DICKERSON, and CHARLES E. FEIRICH, for appellant.

CHARLES DURFEE, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

W. Earnest Parsons and his wife and Claud V. Parsons executed to W. E. Perce an oil and gas lease of 1295½ acres of land in Pope county in the usual form and containing the usual conditions of instruments of that character in common use in this State. It was dated November 11, 1920, and contained the covenant on the part of the grantee to complete a well on the premises within twelve months from that date or the grant should become null and void. The lease was assigned on April 6, 1921, to the Southern Illinois Gas Company. No well was completed on the premises within the year, and on November 11, 1921, the grantors served notice on the assignee of the lease of their election to declare a forfeiture of the lease and a demand for the possession of the premises. Thereupon the Southern Illinois Gas Company filed a bill against the lessors to enjoin them from interfering, by suit at law or otherwise, with the complainant's possession of the premises or the completion of a well on them. The bill was amended, a demurrer was sustained to the amended bill, it was dismissed for want of equity, and the complainant appealed.

It is argued in behalf of the complainant that the time limit for the completion of the well was waived by the appellees, and that is the main point in the case. The bill contains a copy of the lease and also attempts to state some of its terms according to their legal effect. The latter statements are in some respects inconsistent with the words of the lease, and in these particulars the conclusion of the pleader must yield to the words of the instrument. In some of its allegations the bill is vague and indefinite; and another rule to be borne in mind is that the allegations are to be taken most strongly against the pleader. After stating the execution of the lease the bill avers that it granted to

W. E. Perce all the oil and gas under the premises and the exclusive right to enter thereon at all times to drill and operate for oil, gas and water for a term of five years, and that the grantee should pay twenty-five cents per acre per annum, said sum for subsequent years to be deposited at the Harrisburg State Savings Bank. The instrument contains no mention whatever of rent, except an acknowledgment of "receipt of the above twelve months' rental on above described premises at the rate of twenty-five cents per acre per annum." The consideration was one dollar, the term was five years and so long thereafter as oil or gas was produced on the premises. There are provisions that "if gas, only, is found, second party is to pay first party at the rate of $150 per year for the product of each well from which the same is being marketed off the said premises," and "the second party shall pay first party for gas produced from any oil well and used off the said premises at the rate of $25 per year for the time during which it shall be so used," and there are no other provisions for the payment of money to the lessors. There is a provision that "all moneys falling due under the terms of this grant shall be paid to the credit of the first party at the Harrisburg State Savings Bank of Harrisburg." In regard to the waiver of the year's limitation for the completion of a well the averments of the bill are, that immediately prior to April 6, 1921, it was discovered that the Eagle Oil and Gas Company, a corporation, had at one time a lease upon the premises, and the lessors (the appellees) then and there represented that under the terms of the lease the Eagle Oil and Gas Company had forfeited any rights that it might have had in this property, and the appellees made an affidavit on April 6, 1921, which they delivered to the appellant. This affidavit is attached to the bill as an exhibit and states that the lease dated March 11, 1918, had not been recorded but had been forfeited for non-payment of rent. The bill then alleges that after November 11, 1920, when the lease to Perce was

executed, until April 6, 1921, the complainant and Perce, its predecessor in interest in the lease, delayed in and about the work of beginning the drilling of a well on the premises on account of the fact that there was at the time of the execution of the lease to Perce another outstanding and prior lease made by the appellees to the Eagle Oil and Gas Company which had not been canceled and constituted a cloud upon the title of the appellees and of Perce and the complainant, and that such condition continued until April 6, 1921, when the appellees by the aforesaid affidavit undertook to cancel and declare of no effect the prior outstanding lease, and that all of the delay by Perce and the complainant in and about drilling a well from November 11, 1920, until April 6, 1921, was due to the outstanding prior lease. The bill further represented that from the time the work of drilling a well on the premises was actually begun, to and including November 11, 1921, the appellees W. Earnest Parsons and Claud V. Parsons were actively engaged in working and being employed by the contractor in assisting in drilling the well on the premises. It was further represented by the bill that the complainant by its agents proceeded at once to preparations to carry out the requirements devolving upon it as the assignee of the lease, and did by its agents confer with the appellees as to the employment of a contractor experienced in drilling wells for oil, gas and water, and did contract with a contractor who was reliable and responsible and competent, to undertake to carry out the project, and that thereafter, being informed that the contractor was unable to immediately go upon the premises because he was engaged in drilling in another field and it was probable that he would be unable to complete the project on which he was then engaged within such time that the well could be completed within twelve months, as provided in the lease of appellees to appellant, which facts were communicated to the appellees, the appellant by its agents did then apply to the appellees for an extension of

time for completion of the well, and the appellees stated that it would be satisfactory to them, and they would consent to an extension of the time for fulfillment of this particular obligation from month to month until such well was produced, if such time should become necessary at the end of twelve months. The bill then alleges that owing to the unusual obstruction and interference on account of the nature of the soil, the contractor was unable to complete the well in the time required and it was necessary that further time be had, and, as the complainant is informed and believes, a well can be completed within thirty days; that after the consent given by the lessors to the agents of the complainant that an extension from month to month at the end of the twelve-months' period would be consented to and your orator should proceed to the completion of the well, relying upon the statements and representations of the appellees the appellant made certain contracts and arrangements with the contractor to go upon the premises, and the contractor began operations to drill and did erect and maintain such machinery and appliances as were necessary for that purpose and had drilled a well to a depth of about 700 feet, meeting with great resistance in progress of the drilling on account of the unusual obstructions in the way of limestone and bedrock and other unusual obstructions, and such as were not expected or supposed to have been in the soil of that locality. The appellant paid $323.88 to the Harrisburg State Savings Bank, as provided for in the lease, to the credit of the appellees and informed appellees that that sum had been so deposited, being the amount of the rental for the second year required under the terms of the lease. On November 11, 1921, the appellees served a notice upon the appellant that they had elected to declare a forfeiture of the lease in consequence of the appellant's failure to complete a well on the premises within twelve months from November 11, 1920, and then and thereafter the appellees have threatened forcible entry and detainer

proceedings to eject the contractor and employees of the appellant from the premises. The bill contained other allegations in regard to defects in the title of a portion of the premises not necessary to be further mentioned, and prayed that appellees be restrained from interfering with the appellant by any suit at law, or otherwise, in the completion of the well, and that the terms of the lease be reformed and declared to grant to the appellant the extension of time therein, not exceeding one year, for the completion of the well, and for other relief.

The existence of the previous lease to the Eagle Oil and Gas Company afforded no excuse for the delay of the lessee from November 11 to April 6, for while it is alleged that all such delay was due to the outstanding prior lease, it is also alleged that it was discovered immediately prior to April 6 that there had been such a lease. April 5 was immediately prior to April 6, so that this lease, whose existence was only discovered on April 5, could not have been the cause of any delay. No better excuse is shown for the delay after April 6. The appellant proceeded at once to make preparations to perform the requirements of the lease and entered into a contract with a responsible and experienced contractor for that purpose, but afterward (how long is not stated) learning that this contractor, on account of work in which he was then engaged elsewhere, would probably be unable to complete the well on the premises in question within the time required, the appellant asked an extension of time of the appellees, and they said they would consent to an extension from month to month until a well was produced, if such time should become necessary at the end of the twelve months. More than seven months of the twelve remained after April 6. No extension of time was granted, and none was promised except in case of a necessity for it at the expiration of the twelve months. No such necessity is shown by the bill. No showing is made that the appellant exercised any degree of dili-

gence either in the commencement or prosecution of the work. It does not appear when the work was begun or whether it was prosecuted continuously or intermittently, and no excuse is shown for delay. It is stated that owing to unusual obstructions and interference on account of the nature of the soil and of limestone and bedrock the contractor was unable to finish the well in time though he had drilled to a depth of 700 feet, and that it was necessary that further time be had, and the complainant is informed and believes that a well can be completed within thirty days. The allegation that the appellant had deposited $323.88 rent for the second year in the Harrisburg State Savings Bank is of no importance, since the lease says nothing concerning such rent. The fact that two of the appellees were employed by the contractor in the drilling of the well could not estop the appellees from declaring a forfeiture because of failure to comply with the conditions of the lease within twelve months. The complainant was not misled or placed in any worse position by the fact of the appellees' employment by the contractor. The right of the appellees to declare the forfeiture of the lease for failure to complete the well within twelve months was absolute, and a court of equity could not enjoin its exercise unless facts were shown making such exercise inequitable. The bill entirely failed to state any facts which would justify the interference of a court of equity. It stated conclusions of the pleader unsupported by any allegations of fact. It stated the conclusion that the contractor was unable to complete the well on account of unusual obstructions and interference on account of the nature of the soil and the conclusion that it was necessary that further time be had but no facts justifying those conclusions.

The demurrer to the bill was properly sustained, and the decree will be affirmed.

*Decree affirmed.*